# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **ASHLEY A. DURRANCE**, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 7:08-cv-36 (HL) |
| : | |
| **RAY WHITFIELD, JOHN OLSEN,** : | |
| **in his individual capacity and** : | |
| **and official capacity, and CITY** : | |
| **OF LAKELAND,** : | |
| : | |
| Defendants. : | |

## ORDER

This case arises out of the arrest of Plaintiff Ashley A. Durrance ("Durrance") by Defendant Ray Whitfield ("Whitfield") in Lakeland, Georgia on March 19, 2006. Durrance alleges that Whitfield, Defendant John Olsen, Whitfield's alleged supervisor, and Defendant City of Lakeland, Whitfield's employer, violated his rights guaranteed by the Fourth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, and enforced through 42 U.S.C. § 1983.  Durrance also asserts state law claims for (1) assault; (2) battery; (3) false arrest; and (4) false imprisonment.

Defendants have filed a Motion for Summary Judgment, seeking dismissal of all Durrance's claims against them.  Durrance has filed a response.

One of Durrance's claims is that the City had, at the time of the arrest, an unconstitutional policy and procedure requiring its police officers to arrest any motorist accused of traffic violations if the motorist refused to sign the official citation and summons. Durrance contends that this unconstitutional policy was the moving force which allowed Whitfield to arrest him in violation of his Fourth Amendment rights, thus making the City liable for damages. He also argues that the City trained its officers, including Whitfield, to follow an unconstitutional policy of arresting any motorist who refused to sign a traffic ticket, and that improper training led to a violation of his constitutional rights, which would also make the City liable for damages.

Thus, at least two of Durrance's claims against the City rest on his contention that the arrest policy was unconstitutional. He has not, however, presented the Court with anything more than conclusory statements that the policy is unconstitutional. Nevertheless, Durrance has raised the constitutionality issue, and until that question is resolved, the Court cannot fully rule on the Defendants' motion. The Court notes that Defendants did not directly address the issue of constitutionality in their reply brief. As this is an important issue, and out of fairness to both parties, the Court finds that the most appropriate course of action is to order supplemental briefing on the matter of constitutionality.

Therefore, Durrance is ordered to file a supplemental brief on the constitutionality issue. In that brief, Durrance is directed to provide argument and

citation to law outlining exactly how and why the arrest policy as it existed on March 19, 2006 was unconstitutional.  This brief shall be limited to ten (10) pages and filed with the Court within ten (10) days of the entry of this Order.  Defendants shall then have ten (10) days from the filing of Durrance's supplemental brief to file their supplemental response, which shall not exceed ten (10) pages.  Durrance shall not file a supplemental reply, and the Court will not entertain a motion for leave to file one.

**SO ORDERED**, this the 14th day of July, 2009.

*s/   Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh